## In re STUDENTS OF HASTINGS COLLEGE OF LAW.

### Court of Appeal, First District; June 1, 1910.

#### 110 Pac. 341.

Attorney—Admission to Bar—Collateral Questions.—Whether Hastings College of Law in the University of California created by Statutes of 1877–78, chapter 351, as a matter of law, has affiliated with the university, as provided by such act, and whether the faculty of the university has granted diplomas to persons applying for admission to the bar thereon, cannot be tried collaterally on such application.

Attorney—Duty to License—Graduates of Hastings College.— Under Statutes of 1877–78, chapter 351, providing that the diploma granted students of Hastings College of the Law in the University of California shall entitle the student to a license to practice in all the courts of the state, subject to the right of the chief justice of the state to order an examination as in ordinary cases of applications without such diploma, it is the duty of the supreme court, on application of the students of such college, to license students holding such diplomas to practice as attorneys and counselors in all courts of the state.

In the matter of the application of students of the Hastings College of the Law for admission to practice. Granted.

Thomas I. Bergin for directors of college; Edward R. Taylor for students.

PER CURIAM.—Application has been made, on motion of Hon. Edward R. Taylor, dean of Hastings College of the Law, for an order admitting the following named persons to practice as attorneys and counselors at law in all the courts of this state, to wit: Stephen Cornelius Asbill, Gustave Louis Baraty, Edward Ignatius Barry, Absalom Francis Bray, Jr., Harry Alexander Davie, Harry Geballe, Gerald Hansen, Peter John Ibos, James Frederick Johnson, James Kelleher, Harold Louis Levin, Frank Bartholomew Lorigan, Greg Shobe McEvers, Frank Mitchell, Jr., George Franklin Owens, Albert Picard, Andrew Robert Shortky, Will Stephen Solari, Harry Ignatius Stafford, Adolph Tiscornia, Theodore Wittschen, Marcus David Wolff, Frederick Leslie Woodburn.

Under the act to create "Hastings College of the Law in the University of California" (Stats. 1877–78, p. 533), it is provided that the said college shall affiliate with the university of the state, and shall be the law department of the state university. The act provides: "Sec. 3. The faculty of the university shall grant diplomas to the students of the college, and the president shall sign and issue the diplomas. . . . . Ses. 6. The diploma of the students shall entitle the student to whom it is issued to a license to practice in all the courts of this state, subject to the right of the chief justice of the state to order an examination as in ordinary cases of applicants without such diploma."

Each of the above-named persons has a diploma signed by the president of the university. We must presume that official duty has been regularly performed, and that the faculty of the university has granted the diplomas in pursuance of the law. We must also presume that the said Hastings College of the Law has affiliated with the university of the state; in fact, the legislature, by its many appropriations, and by its appropriations for suitable buildings for the law department of said college, has time and time again recognized the Hastings College of the Law as a department of the university. The very title of the act is "to create Hastings College of the Law in the University of California." The questions as to whether or not the said college has, as matter of law, affiliated with the university, and as to whether or not the faculty of the university has granted the diplomas which the said persons hold, cannot be tried collaterally on this application.

It is our duty to grant a license to each of said persons entitling him to practice as an attorney and counselor at law in all courts of this state, and it is so ordered.